# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

STATE OF NEVADA,

    Plaintiff,

  v.

CRAIG IAN GILBERT,

    Defendant.

Case No. 2:19-cv-01890-RFB-DJA

**ORDER**

On November 1, 2019, this Court entered an order denying Defendant Craig Ian Gilbert's application for leave to proceed in forma pauperis and notice of removal with prejudice. ECF No. 3. Gilbert has since filed a motion for reconsideration, motion for contempt hearing, motion for appointment of counsel, motion for recusal of judge, and motion to file correction. ECF Nos. 5, 6, 7, 10, 15.

Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A

/ / /

movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.

The Court previously denied Gilbert's application to proceed in forma pauperis and complaint because Gilbert sought to remove an ongoing state court criminal proceeding to this Court. A defendant in a state court criminal proceeding may not remove an ongoing state court criminal proceeding to federal court unless the defendant was a federal officer acting in his official capacity, which Defendant does not allege in this case. 28 U.S.C. § 1442(a)(1); Arizona v. Manypenny, 451 U.S. 232, 241 (1981).

Gilbert identifies no error of law or new facts warranting reconsideration of the Court's previously entered order. Gilbert also filed a motion for recusal but identifies no legitimate reason for recusal, instead making spurious allegations of a widespread conspiracy between this Court and the prosecution in his state court criminal case. See United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) ("[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned.") (internal citations omitted) . The Court therefore denies all pending motions.

**IT IS THEREFORE ORDERED** that Defendant Craig Ivan Gilbert's Motion for Reconsideration (ECF No. 5) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Craig Ivan Gilbert's Motion for Hearing Before Magistrate Judge (ECF No. 6) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Craig Ivan Gilbert's Motion for Appointment of Counsel (ECF No.7) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Craig Ivan Gilbert's Motion for Recusal of Judge (ECF No. 10) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Craig Ivan Gilbert's Motion to Make/File Correction (ECF No. 15) is DENIED.

**DATED**: May 13, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**